UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL EDWARD TIMBERLAKE,<br><br>    Petitioner,<br><br>v.<br><br>RAYMOND MADDEN,<br><br>    Respondent. | Case No. 1:18-cv-00466-JDP (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION<br><br>OBJECTIONS DUE IN 14 DAYS<br><br>ECF No. 1<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE |

Petitioner Paul Edward Timberlake, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. The matter is before the court for preliminary review. Under Rule 4 of the Rules Governing Section 2254 Cases, the court must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief.

Petitioner challenges the revocation of his parole that took place in 2007. However, the petition and its exhibits show that petitioner has already completed the twelve-month prison term that resulted from the revocation of his parole and that petitioner is serving a prison term that resulted from unrelated offenses. Petitioner does not explain how the sentence that he has already served affects his current custody. We recommend that the court dismiss the petition as moot and

decline to issue a certificate of appealability.

**I.    Background**

In 2001, petitioner was convicted of shooting into an inhabited building. *See* ECF No. 1 at 80. He was released from prison on parole on an unidentified date, but in 2007, petitioner's parole was revoked when he allegedly strangled and threatened his mother. *See id.* at 20, 58, 80-82. Petitioner alleges that certain newly-discovered evidence shows that his mother falsely accused him of strangling and threatening her. *See id*. at 22-24, 40-43, 67.

Petitioner has served the twelve-month prison sentence that resulted from the revocation of his parole in 2007. *See id*. at 59, 81-82. He is now in state custody because of his new, 2016 conviction of second-degree murder and related offenses, not because of the revocation of his parole. *See id*. at 81-82; *People v. Timberlake*, No. F073543, 2018 WL 4002008, at *1 (Cal. Ct. App. Aug. 22, 2018), *review denied* (Oct. 31, 2018). Indeed, when petitioner sought habeas relief in state court, the Superior Court of California for Kern County wrote:

> The petition is moot since Petitioner is currently serving a 55 years to life for second degree murder, possession of a loaded firearm as a gang member, participation in a street gang and firearm and gang enhancements as of March 30, 2016. The court notes that Petitioner did not disclose this fact in his petition.

ECF No. 1 at 87. Petitioner discloses in his habeas petition filed with this court the foregoing history of his incarceration and the fact that he is now serving a sentence for the second-degree murder conviction and related offenses from 2016—not the revocation of his parole in 2007; he does not dispute the factual account by the Superior Court of California for Kern County. *See id*. at 13, 36, 59, 81-82, 87.

**II.    Discussion**

A federal court has an independent duty to examine its jurisdiction. *See Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1036 (9th Cir. 2013). Discharging that duty requires the court to ensure that an actual controversy exists at every stage of litigation. *See Bd. of Trs. of Glazing Health & Welfare Tr. v. Chambers*, 903 F.3d 829, 838 (9th Cir. 2018). An actual controversy cannot exist when the case has become moot. *See M.M. v. Lafayette Sch. Dist*., 767 F.3d 842, 857 (9th Cir. 2014). A habeas case becomes moot when the court cannot grant "effective relief." *McCullough*

*v. Graber*, 726 F.3d 1057, 1059 (9th Cir. 2013). A habeas petitioner who has fully served a sentence cannot challenge the underlying conviction without identifying any collateral consequence arising from that conviction. *See Spencer v. Kemna*, 523 U.S. 1, 13 (1998); *Garlotte v. Fordice*, 515 U.S. 39, 45 (1995).

Here, the petition is moot. Petitioner is serving a sentence for first-degree murder, not any sentence following the revocation of his parole. *See Timberlake*, 2018 WL 4002008, at *1. Petitioner has already served the prison term following the revocation of his parole; he does not dispute that fact. *See id.* at *2 (noting that petitioner was released from prison in 2009); ECF No. 1 at 80-82 (summarizing petitioner's custodial history with California prison). Petitioner's sentence for his second-degree murder conviction was not enhanced by the events related to the revocation of his parole. *See Timberlake*, 2018 WL 4002008 at *9. Petitioner alleges no collateral consequence arising from the revocation of his parole. Put another way, petitioner has not explained what effect a determination that revocation of his parole was erroneous might have now—more than ten years later after the completion of the prison term arising from the revocation of his parole.

### III.     Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases requires that a district court issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, petitioner has not made a substantial showing of the denial of a constitutional right. Thus, the court should decline to issue a certificate of appealability.

**IV. Order**

The clerk is directed to assign this case to a U.S. district judge.

**V. Findings and recommendations**

The court should dismiss the petition as moot and decline to issue a certificate of appealability.

Under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California, these findings and recommendations are submitted to the United States District Court Judge presiding over this case. Within fourteen days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: April 1, 2019

UNITED STATES MAGISTRATE JUDGE

No. 202

4